IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BRUCE A. BOOKACH,                    :
                                     :
              Plaintiff,             :
                                     :
       v.                            : Civil Action No.
                                     :
TRUMP ENTERTAINMENT RESORTS,         :
INC. t/a TRUMP PLAZA; TRUMP          :
PLAZA ASSOCIATES, LLC t/a TRUMP      :
PLAZA; EMPLOYEE RELATIONS            :
SUPERVISOR BARBARA HULSIZER          :
(Aider and Abettor); and JOHN        :
DOE TRUMP CORPORATE ENTITIES,        :
SUCCESSOR COMPANIES and              :
DECISION-MAKERS,                     :
                                     :
              Defendants.            :
                                     :

NOTICE OF REMOVAL ON BEHALF OF DEFENDANTS TRUMP
ENTERTAINMENT RESORTS, INC. t/a TRUMP PLAZA; TRUMP PLAZA
ASSOCIATES, LLC t/a TRUMP PLAZA; EMPLOYEE RELATIONS
SUPERVISOR BARBARA HULSIZER (Aider and Abettor); and JOHN
DOE TRUMP CORPORATE ENTITIES, SUCCESSOR COMPANIES and
DECISION-MAKERS

       Defendants Trump Entertainment Resorts, Inc. t/a Trump

Plaza, Trump Plaza Associates, LLC t/a Trump Plaza, Barbara

Hulsizer, and John Doe Trump Corporate Entities, Successor

Companies  and  Decision-Makers  (hereinafter  "Trump

Defendants"), by and through their undersigned attorneys,

hereby give Notice of Removal to this Court of a State

Civil Action pending in the Superior Court of New Jersey, Law Division, Atlantic County, pursuant to 28 U.S.C. §1441(a) and §1446. In support thereof, the Trump Defendants say the following:

1.  On January 18, 2012, an action was commenced in New Jersey Superior Court, Law Division, Atlantic County, New Jersey, under docket number ATL-L-387-12, entitled Bruce A. Bookach, Plaintiff, vs. Trump Entertainment Reports, Inc., t/a Trump Plaza, et al, Defendants.

2.  The State Court wherein this action was originally filed is located in Atlantic County, New Jersey, which is located within this jurisdictional district.

3.  Defendant was served with the summons and complaint on February 2, 2012. This Notice is timely filed pursuant to 28 U.S.C. §1446(b).

4.  A copy of all process, pleadings and orders served upon defendant in the State Court Action are attached hereto as Exhibit "A".

5.  Plaintiff demanded a jury trial in his State Court Complaint. Exhibit A at p. 12, Demand for Jury Trial.

6.  Plaintiff alleges that the Trump Defendants violated his rights under the Federal Family and Medical Leave Act, 29 U.S.C. §2601 et seq., by allegedly changing

his scheduled shift upon his return from medical leave, and then terminating him pursuant to an allegedly pretextual "reduction in force". Exhibit A at Count One, ¶17; Count Two, ¶¶4-5; Count Three, ¶4.

7. This Court has original jurisdiction over this matter under 28 U.S.C. §1331.

8. This matter is one which may be removed to this Court by Trump Defendants pursuant to the provisions of 28 U.S.C. §1441(a), in that plaintiff's complaint alleges violations of plaintiff's rights under the Federal Family and Medical Leave Act.

9. Based on the foregoing, the requirements of 28 U.S.C. §1331 and §1441(a) have been satisfied, and this matter is properly removable.

WHEREFORE, the Trump Defendants respectfully submit this Notice of Removal and request that this action be removed from the Superior Court of New Jersey, Atlantic County, to the United States District Court for the District of New Jersey.

By: _____

LEVINE, STALLER, SKLAR, CHAN, BROWN & DONNELLY, P.A.
James E. Moore, Esquire
3030 Atlantic Avenue
Atlantic City, NJ 08401
609.348.1300
609.347.1166 (fax)
jmoore@levinestaller.com
Attorneys for Defendants

Dated: 2/29/12

# EXHIBIT A

TRUMP PLAZA

FEB 1 4 2012

LEGAL DEPT.

*LAW OFFICES OF RICHARD L. PRESS & ASSOCIATES, LLC*
*By: LaTonya N. Bland-Tull, Esquire*
23 East Black Horse Pike
Pleasantville, New Jersey 08232
(609) 641-2900
Attorneys for Plaintiff
Our File No.: 11-048

| | | |
|---|---|---|
| Bruce A. Bookach, | : | SUPERIOR COURT OF NEW JERSEY |
| | | ATLANTIC COUNTY |
| | : | LAW DIVISION |
| Plaintiff, | | |
| | : | DOCKET NO: ATL-L-387-12 |
| v. | | |
| | : | Civil Action |
| Trump Entertainment Resorts, Inc., t/a Trump | | |
| Plaza, Trump Plaza Associates, LLC t/a Trump | : | |
| Plaza, Employee Relations Supervisor Barbara | | |
| Hulsizer (Aider and Abettor), and John Doe | : | |
| Trump Corporate Entities, Successor | | |
| Companies and Decision-Makers (Plural 1-10), | : | |
| | | |
| Defendants. | : | |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:

TRUMP PLAZA ASSOCIATES, LLC
t/a TRUMP PLAZA
c/o LEGAL DEPARTMENT
2225 Boardwalk
Atlantic City, New Jersey 08401

    The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and Proof of Service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided). If the Complaint is one in foreclosure, then you must file your written Answer or Motion and Proof of Service with the Clerk of the Superior Court, Hughes Justice Complex, P. O. Box 971, Trenton, NJ 08625. A $200.00 filing fee payable to the Deputy Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must

file and serve a written Answer or Motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If Judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the Judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*s/Jennifer M. Perez*

Jennifer M. Perez
Clerk of the Superior Court

Dated: January 30, 2012

Name of Defendant to be Served:   **TRUMP PLAZA ASSOCIATES, LLC**
**t/a TRUMP PLAZA**
**c/o LEGAL DEPARTMENT**
**2225 Boardwalk**
**Atlantic City, New Jersey 08401**

2

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY:
Deputy Clerk of the Superior Court
Case Processing Section
Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

CAMDEN COUNTY:
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

CAPE MAY COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

ESSEX COUNTY:
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr.
Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(201) 622-6207
LEGAL SERVICES
(201) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn:   Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ  08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records
Dept.
Brennan Court House - 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY:
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(908) 828-0053
LEGAL SERVICES
(908) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(908) 431-5544
LEGAL SERVICES
(908) 866-0020

MORRIS COUNTY:
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Courthouse, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(908) 240-3666
LEGAL SERVICES
(908) 341-2727

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(201) 278-9223
LEGAL SERVICES
(201) 345-7171

SALEM COUNTY:
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 678-8363
LEGAL SERVICES
(609) 451-0003

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 383-7400

UNION COUNTY:
Deputy Clerk of the Superior Court
1st Fl. Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

WARREN COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(908) 475-2010

**LAW OFFICES OF RICHARD L. PRESS & ASSOCIATES, LLC**
By: LaTonya N. Bland-Tull, Esquire
23 East Black Horse Pike
Pleasantville, New Jersey 08232
(609) 641-2900
Attorneys for Plaintiff
Our File No.: 11-048

| | |
|---|---|
| Bruce A. Bookach, | SUPERIOR COURT OF NEW JERSEY ATLANTIC COUNTY LAW DIVISION |
| Plaintiff, | |
| v. | DOCKET NO: ATL-L-387-12 |
| Trump Entertainment Resorts, Inc., t/a Trump Plaza, Trump Plaza Associates, LLC t/a Trump Plaza, Employee Relations Supervisor Barbara Hulsizer (Aider and Abettor), and John Doe Trump Corporate Entities, Successor Companies and Decision-Makers (Plural 1-10), | Civil Action |
| Defendants. | |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:

**EMPLOYEE RELATIONS SUPERVISOR BARBARA HULSIZER**
**TRUMP PLAZA**
**2225 Boardwalk**
**Atlantic City, New Jersey 08401**

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and Proof of Service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided). If the Complaint is one in foreclosure, then you must file your written Answer or Motion and Proof of Service with the Clerk of the Superior Court, Hughes Justice Complex, P. O. Box 971, Trenton, NJ 08625. A $200.00 filing fee payable to the Deputy Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If Judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the Judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*s/Jennifer M. Perez*
Jennifer M. Perez
Clerk of the Superior Court

Dated:  January 30, 2012

Name of Defendant to be Served:     **EMPLOYEE RELATIONS SUPERVISOR**
**BARBARA HULSIZER**
**TRUMP PLAZA**
**2225 Boardwalk**
**Atlantic City, New Jersey 08401**

2

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY:
Deputy Clerk of the Superior Court
Case Processing Section
Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Pl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

CAMDEN COUNTY:
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

CAPE MAY COUNTY:
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

ESSEX COUNTY:
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr.
Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(201) 622-6207
LEGAL SERVICES
(201) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records
Dept.
Brennan Court House - 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY:
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(908) 828-0053
LEGAL SERVICES
(908) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(908) 431-5544
LEGAL SERVICES
(908) 866-0020

MORRIS COUNTY:
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Courthouse, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(908) 240-3666
LEGAL SERVICES
(908) 341-2727

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(201) 278-9223
LEGAL SERVICES
(201) 345-7171

SALEM COUNTY:
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 678-8363
LEGAL SERVICES
(609) 451-0003

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(201) 383-7400

UNION COUNTY:
Deputy Clerk of the Superior Court
1st Fl. Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

WARREN COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(201) 267-5882
LEGAL SERVICES
(908) 475-2010

*LAW OFFICES OF RICHARD L. PRESS & ASSOCIATES, LLC*
*By: LaTonya N. Bland-Tull, Esquire*
23 East Black Horse Pike
Pleasantville, New Jersey 08232
(609) 641-2900
Attorneys for Plaintiff
Our File No.: 11-048

**FILED**

JAN 1 8 2012

**ATLANTIC COUNTY
LAW DIVISION**

|  |  |
|---|---|
| Bruce A. Bookach, <br><br> Plaintiff, <br><br> v. <br><br> Trump Entertainment Resorts, Inc., t/a Trump Plaza, Trump Plaza Associates, LLC t/a Trump Plaza, Employee Relations Supervisor Barbara Hulsizer (Aider and Abettor), and John Doe Trump Corporate Entities, Successor Companies and Decision-Makers (Plural 1-10), <br><br> Defendants. | : SUPERIOR COURT OF NEW JERSEY <br> : ATLANTIC COUNTY <br> : LAW DIVISION <br><br> : DOCKET NO: ATL-L- *387-12* <br><br> : Civil Action <br> : <br> : <br> : <br> : *COMPLAINT AND JURY DEMAND* <br> : <br> : |

Plaintiff Bruce A. Bookach (hereinafter "Plaintiff") residing at 712 Falcon Crest Court, Galloway, New Jersey 08205, by way of this NJLAD and FMLA Complaint, states as follows:

<u>COUNT ONE</u>

1. Plaintiff was began his employment at the Trump Plaza as a Dealer on May 23, 1988. At the time of his wrongful termination on May 6, 2011, Plaintiff was a Supervisor of Games.

2. As indicated above, Plaintiff began his employment on May 23, 1988 at the Trump Plaza. His last physical day of working there was May 6, 2011.

3. Prior to becoming Supervisor of Games, Plaintiff was promoted to Floor Supervisor, a position in which he worked without issue or difficulty involving his health until late 2008 when Plaintiff began experiencing difficulty as a result of a kidney condition. At that time, Plaintiff made requests of various casino supervisory level positions, Employee Relations and others for a

reasonable accommodation to enable him to obtain the treatment he required. Finally Defendants came to an agreement to provide Plaintiff with revised schedule of four days per week on his usual day shift, so that Plaintiff could have dialysis treatment in the early mornings of Tuesdays, Thursdays and Saturdays.

4. Casino Manager Anthony Spagno was not happy with this arrangement and told Plaintiff at some point that he was getting "special treatment." Plaintiff indicated to him that getting dialysis three times per week is not "special treatment" and that he has continued to work except for those days where he was forced to call out due to his condition.

5. Plaintiff also remained on intermittent FMLA leave during this time. Plaintiff was in end-stage renal disease (ESRD) when he had a kidney transplant on December 22, 2010. Plaintiff exercised the balance of his Family Medical Leave, until his return to work on April 18, 2011.

6. While Plaintiff was out of work from December 10, 2010 until April 18, 2011, he once again put in a request for an employment accommodation and provided a Physician's Certification to his Casino Supervisor advising that given his kidney transplant and ESRD and the new medications prescribed to him, it is necessary for Plaintiff to be available for his ongoing treatment and evaluations. The certification further stated that at this time, it will be necessary for Bruce to remain on his current day shift. This request for an employment accommodation was submitted to Mr. Spagno who told Plaintiff to submit it to Human Resources.

7. Upon his return to work, Plaintiff was placed on a five day per week schedule for the swing shift. He was told by Mr. Spagno that the move to swing shift was necessary to even out the number of Floor persons. Mr. Spagno indicated that "we need more Supervisors during the night shift and on weekends".

8. Six days prior to Plaintiff's termination, co-Defendant Barbara Hulsizer of Employee Relations, forwarded to Plaintiff a memo dated April 12, 2011 simply stating that Plaintiff's request for a temporary employment accommodation was reviewed and the accommodation request was denied. The memo stated that if Plaintiff had any questions, he could immediately contact Employee Relations. The letter was copied to Mr. Spagno. This denial took almost two months and there was never any "interactive process" between Plaintiff and any employee of Trump Plaza. It was simply rejected out-of-hand without any reason. Plaintiff attempted numerous calls to Ms. Hulsizer which were not returned.

9. To Plaintiff, it was obvious and extremely clear at that point that despite his return to work in April 2011 in good faith on the swing shift, he was being set up for termination. He was removed from day shift to swing shift supposedly out of the need for additional Swing Shift Supervisors. This turned out to be a pretext. In fact, Plaintiff was moved to swing shift, five days a week, to either force him to resign his employment or to terminate him when there was a reduction in force despite his seniority.

10. At this time, Plaintiff did not request any further reasonable accommodation because he felt that he had to show his employer that despite his recent kidney transplant, new medications and other transplant-related issues, that he was a reliable employee.

11. On May 5, 2011, former Casino Manager Anthony Spagno forwarded a reduction in workforce letter to Plaintiff who had been removed from day shift Supervisor and suddenly moved to swing shift Supervisor after he returned from kidney transplant surgery. Plaintiff worked for two and one-half weeks on the swing shift and did not take any time of. Suddenly Plaintiff was told that swing shift did not need as many Supervisors. This is extremely curious inasmuch as Plaintiff had

3

just been removed from day shift to swing shift allegedly because they had to "even out" the number

of Shift Supervisors on both the day shift and the swing shift.

12.   Despite the mention by Mr. Spagno and others that Floor persons were needed on swing

shift, Plaintiff was called into Mr. Spagno's office on May 6, 2011 and told that he was "on the

grid". When Plaintiff asked what is "on the grid", Mr. Spagno denied knowledge of what that meant

and referred Plaintiff to Human Resources. Plaintiff could not believe this and asked Mr. Spagno

different questions. Mr. Spagno then indicated that he really does not know what "the grid" is, but

it was probably related to Plaintiff's attendance.

13.   The allegation of a reduction in force is clearly pretextual inasmuch as Plaintiff was told

in a meeting with Mr. Spagno, on two occasions, that he was laid off because he was "on the grid".

Although he was unable to explain what that term meant, Mr. Spagno did state on two occasions,

that Plaintiff's attendance had something to do with it. He would not give more details although

Plaintiff asked for all the reasons he was being laid off.

14.   Plaintiff attempted to get more details from Employee Relations Specialist Barbara

Hulsizer (hereinafter referred to as "Defendant Hulsizer") without success. He attempted to reach

her on five occasions to verify that as a reduction-in-force employee, he could become re-employed

if a position comes available. Plaintiff was number 11 out of 23 on the seniority list of Floor

Supervisors on the swing shift. Plaintiff asked for comparable positions at Trump Plaza and with

other Trump properties by placing phone calls to Ms. Hulsizer. Ms. Hulsizer never returned these

phone calls and only submitted a letter, through Ms. Martone of Trump Entertainment Resorts that

he can go on-line and look at other casinos to see if anyone else is hiring. Plaintiff never got a

4

response to his request for reinstatement and was denied a Board of Review since the Employee Relations Department refused to return his phone calls requesting such a review.

15. This Count is brought by Plaintiff against Trump Entertainment Resorts, Inc., t/a Trump Plaza, Trump Plaza Associates, LLC t/a Trump Plaza, and Employee Relations Supervisor Barbara Hulsizer pursuant to *N.J.S.A. 10:5-1 et seq.* and its related administrative regulations *N.J.A.C. 13:1 et seq.* Defendants on this Count, Trump Entertainment Resorts, Inc., t/a Trump Plaza, Trump Plaza Associates, LLC t/a Trump Plaza, and Employee Relations Supervisor Barbara Hulsizer acted negligently, carelessly, recklessly and in intentional violation of the NJLAD, by virtue of its immediate retaliation against Plaintiff upon his return from a Family Medical Leave on April 18, 2011. Defendants also failed to return Plaintiff to his previous position which he held for over 20 years instead placing him on the swing shift, with full knowledge and intention that his position would be eliminated pursuant to an alleged reduction in force. Plaintiff was told that his selection for removal had something to do with a "grid" but Plaintiff also knows from Mr. Spagno that Plaintiff's attendance also played a role in selection. Plaintiff's attendance had been protected by his intermittent Family Medical Leave and then the consecutive Family Medical Leave that he took following his kidney transplant. Plaintiff therefore brings this Count as against Trump Entertainment Resorts, Inc., t/a Trump Plaza, Trump Plaza Associates, LLC t/a Trump Plaza and Employee Relations Supervisor Barbara Hulsizer for FMLA retaliation, perceived discrimination, wrongful denial of Plaintiff's request for a reasonable accommodation to remain on his previous shift, and failure to participate in an interactive process.

5

16.   In addition, Defendants's actions were in violation of *N.J.S.A. 10:5-4*, since the Defendants perceived Plaintiff as having a continued disability that would prevent him from working with or without accommodations.  As a result of this belief, Defendants discriminated against him to prevent further leaves of absence by Plaintiff.

17.  Defendants' also violated Plaintiff's FMLA rights by returning him to a different shift and five days per week when he returned from his medical leave of absence despite his reasonable request for some additional time to work on the day shift, four days a week until his medications became effective.

18.  As a result of the conduct of Trump Entertainment Resorts, Inc., t/a Trump Plaza, Trump Plaza Associates, LLC t/a Trump Plaza, and Employee Relations Supervisor Barbara Hulsizer, jointly, severally and in the alternative, Plaintiff was caused to, and continues to suffer damages.

WHEREFORE, Plaintiff seeks damages pursuant to the NJLAD as is set forth in part in *N.J.S.A. 10:5-3*, compensatory damages for physical and emotional pain and suffering, compensatory damages for past and future wage loss, punitive damages for intentional and malicious behavior, counsel fees and costs, reinstatement into a position at the Plaza or another Trump Casino, costs of suit, pre-Judgment interest and such other relief as is permitted pursuant to the NJLAD.  Plaintiff also seeks loss of four weeks of vacation pay which he was due as of May 23, 2011 and further seeks damages for FMLA retaliation including, but not limited to, loss of back pay, front pay and liquidated damages.

6

## COUNT TWO

1. Plaintiff repeats the allegations contained in the preceding Count and makes them Paragraph 1 of this Count Two as though the same were fully set forth at length herein.

2. This Count is brought against Trump Entertainment Resorts, Inc., t/a Trump Plaza, Trump Plaza Associates, LLC t/a Trump Plaza, and Employee Relations Supervisor Barbara Hulsizer, jointly, severally and in the alternative, for wrongful termination in violation of the NJLAD.

3. As previously set forth, Plaintiff was denied his request for a reasonable accommodation upon his return from transplant surgery on April 12, 2011. Plaintiff submitted his physician's certification establishing the medical necessity for him working day shift. However, Plaintiff's request was denied and he was placed on swing shift. Almost immediately thereafter, Plaintiff's position was eliminated allegedly due to a reduction in force. However, given Mr. Spagno's overt comments to Plaintiff about his absenteeism, the asserted reason for termination of Plaintiff a "reduction in force" is clearly a pretext.

4. Further support for the belief that Defendants' stated reason for his termination is pretextual is the fact that Plaintiff was told he had to work the swing shift because of the need for people on the night and weekend shifts. Weeks later, Defendants reversed their position, and suddenly there was no longer a need for people on those shifts. Plaintiff should never have been moved from day shift to swing shift. If he had not been moved, he would not have been subject to the reduction in force.

5. Defendants on this Count acted negligently, recklessly, intentionally and in violation of the Federal Family and Medical Leave Act and retaliation under the New Jersey Law Against Discrimination by removing Plaintiff from his day shift and forcing him to work the swing shift

7

which position was then eliminated through an alleged reduction in force. Defendants' retaliated against Plaintiff for receiving his intermittent Family Medical Leave, a continuous Family Medical Leave when he had his kidney transplant due to his end stage renal failure as well as his request for a reasonable accommodation prior to and upon his returned to work.

WHEREFORE, Plaintiff brings this Count against Defendants Trump Entertainment Resorts, Inc., t/a Trump Plaza, Trump Plaza Associates, LLC t/a Trump Plaza, and Employee Relations Supervisor Barbara Hulsizer, jointly, severally and in the alternative for wrongful termination, wrongful transfer of Plaintiff to swing shift, and Plaintiff asserts all claims for this retaliatory behavior that may be permitted pursuant to the NJLAD and FMLA and seeks compensatory damages for emotional and physical pain and suffering, emotional distress, monetary damages, back pay, future pay, pre-Judgment interest, counsel fees and costs, punitive damages, liquidated damages as maybe permitted pursuant to the Federal Family and Medical Leave Act and such other relief as the Court or jury may deem just and appropriate.

COUNT THREE

1. Plaintiff repeats the allegations contained in the preceding Counts and makes them Paragraph 1 of this Count Three as though the same were fully set forth at length herein.

2. The precise identities of the Defendants on this Count, John Doe Trump Corporate Entities, Successor Companies and Decision-Makers (Plural 1-10), are unknown at the current time but may have undertaken the assets and liabilities of the Trump Organization at some point either before or after Plaintiff's termination of May 6, 2011. Plaintiff is unaware of the names of these new companies at this time, but reserves his right pursuant to the John Doe Rule to amend the Complaint

8

should the identities of new owners who have the assumed liabilities and assets of the Defendants become known.

    3.  Plaintiff also brings this Count as against John Doe Decision-Makers who may have been working at the Trump Plaza and who may have made decisions involving Plaintiff. Plaintiff reserves the right to amend this Count to name such Defendants as well.

    4.  Defendants on this Count acted negligently, recklessly, intentionally and in violation of the Federal Family and Medical Leave Act and retaliation under the New Jersey Law Against Discrimination in forcing Plaintiff to work swing shift when they knew or should have known that there was no need for an additional Swing Shift Supervisor and that two weeks later, that position would be eliminated pursuant to the pretextual reason of an alleged reduction in force.

    **WHEREFORE**, Plaintiff brings this Count against Defendants John Doe Trump Corporate Entities, Successor Companies and Decision-Makers (Plural 1-10) for wrongful termination, wrongful transfer of Plaintiff to swing shift, direct unlawful discrimination, direct unlawful refusal to accommodate, wrongful failure to enter into an interactive process. Plaintiff asserts all claims for this retaliatory behavior that may be permitted under the NJLAD and FMLA. Plaintiff seeks all compensatory damages for emotional and physical pain and suffering, emotional distress, monetary damages, back pay, future pay, pre-Judgment interest, counsel fees and costs, punitive damages and such other relief as the Court or jury may deem just and appropriate.

## COUNT FOUR

1.  Plaintiff repeats the allegations contained in the preceding Counts and makes them Paragraph 1 of this Count Four as though the same were fully set forth at length herein.

2.  This Count is also brought against co-Defendant Hulsizer as an aider and abettor as defined in *N.J.S.A. 10:5-12(a)(e)*. Ms. Hulsizer acted individually in denying Plaintiff a temporary reasonable accommodation in April 2011, failing to enter into any interactive process with Plaintiff and unilaterally placed him on swing shift as of April 18, until his termination for an alleged reduction in force on May 6, 2011. She was also working and acting on behalf of Trump Entertainment Resorts, Inc. t/a Trump Plaza and Trump Plaza Associates, LLC t/a Trump Plaza located at Mississippi and Boardwalk, Atlantic City, New Jersey.

3.  Plaintiff also attempted to dialogue with Defendants, the Human Resources Department, regarding the Defendants' unilateral refusal to consider his reasonable accommodation request to remain on day shift. Once again, his phone calls were never returned. Plaintiff was never given a reason why there was a unilateral denial of a simple request for a reasonable accommodation.

4.  Following Plaintiff's termination, he attempted to contact co-Defendant Hulsizer in order to request a Board of Review and to express his interest in comparable positions within the Trump Organization. Ms. Hulsizer never returned Plaintiff's telephone calls, failed to set up a Board of Review and failed to consider Plaintiff as a potential rehire as required by the reduction-in-force policies and procedures. Ms. Hulsizer only sent a generic letter telling Plaintiff to contact other hotel/casinos for employment.

10

5. The failure of Defendants and the Employee Relations Supervisor Ms. Hulsizer, who is an aider and abettor on this Count, to communicate with Plaintiff clearly breached the Defendants' obligation to enter into an interactive process with Plaintiff to determine whether the reasonable accommodation request could be granted.

5. As a result of the negligence, carelessness, intentional misconduct and the aiding and abetting by co-Defendant Hulsizer, Defendants Trump Entertainment Resorts, Inc., t/a Trump Plaza, Trump Plaza Associates, LLC t/a Trump Plaza,, and John Doe Trump Corporate Entities, Successor Companies and Decision-Makers (Plural 1-10), in Defendants on this Count Trump Entertainment Resorts, Inc., t/a Trump Plaza, Trump Plaza Associates, LLC t/a Trump Plaza, Employee Relations Supervisor Barbara Hulsizer (Aider and Abettor), John Doe Trump Corporate Entities, Successor Companies and Decision-Makers (Plural 1-10), in violating the NJLAD and its related administrative regulations concerning discrimination, retaliation and reasonable accommodations; breaching the Trump Organization's reduction-in-force policy with respect to rehiring individuals subjected to a reduction in force; and denying Plaintiff the opportunity of a Board of Review, Plaintiff was caused to suffer damages.

**WHEREFORE,** Plaintiff seeks damages pursuant to the NJLAD as is set forth in part in _N.J.S.A. 10:5-3_, compensatory damages for physical and emotional pain and suffering, compensatory damages for past and future wage loss, punitive damages for intentional and malicious behavior against Plaintiff by Defendants' employees including co-Defendant Hulsizer, counsel fees and costs, reinstatement into a position at the Plaza or another Trump Casino, costs of suit, pre-Judgment interest and such other relief as is permitted pursuant to the NJLAD. Plaintiff also seeks the four

11

weeks of vacation pay which he was due as of May 23, 2011 and further seeks damages for FMLA retaliation including, but not limited to, loss of back pay, front pay and liquidated damages.

LAW OFFICES OF RICHARD L. PRESS & ASSOCIATES, LLC

*LaTonya N. Bland-Tull*

LaTonya N. Bland-Tull, Esquire
Attorneys for Plaintiff

Dated: January 16, 2012

## DEMAND FOR JURY TRIAL

Demand is hereby made for a Trial by jury on all issues contained herein.

## NOTICE OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to *Rule 4:25-4*, LaTonya N. Bland-Tull, Esquire is hereby designated as Trial Counsel in the above captioned litigation on behalf of the Law Offices of Richard L. Press & Associates, LLC, attorneys for Plaintiffs.

LAW OFFICES OF RICHARD L. PRESS & ASSOCIATES, LLC

*LaTonya N. Bland-Tull*

LaTonya N. Bland-Tull, Esquire
Attorneys for Plaintiff

Dated: January 16, 2012

12

## CERTIFICATION

I hereby certify that there are no other actions to my knowledge pending in any Court concerning the subject matter of the Complaint contained herein. I further certify that there are no other parties to my knowledge who should be joined in this action at this time.

Nothing contained in this Complaint shall be construed or deemed to be an admission, of any kind, against Plaintiffs. This is not a Verified Complaint and is a document prepared by counsel.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICES OF RICHARD L. PRESS & ASSOCIATES, LLC

LaTonya N. Bland-Tull, Esquire
Attorneys for Plaintiff

Dated: January 16, 2012

13

Appendix XII-B1

| | | |
|---|---|---|
|  | **CIVIL CASE INFORMATION STATEMENT**<br>**(CIS)**<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY<br>PAYMENT TYPE: ☐CK ☐CG ☐CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY/PRO SE NAME<br>LaTonya N. Bland-Tull, Esquire | TELEPHONE NUMBER<br>(609) 641-2900 | COUNTY OF VENUE<br>Atlantic |
|---|---|---|
| FIRM NAME (if applicable)<br>LAW OFFICES OF RICHARD L. PRESS & ASSOCIATES, LLC | | DOCKET NUMBER (when available)<br>ATL-L-387-12 |
| OFFICE ADDRESS<br>23 E. Black Horse Pike<br>Pleasantville, NJ 08232 | | DOCUMENT TYPE<br>Complaint & Jury Demand<br><br>JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Bruce A. Bookach, Plaintiff | CAPTION<br>Bruce A. Bookach v. Trump Entertainment Resorts, Inc., t/a Trump Plaza, Trump Plaza Associates, LLC t/a Trump Plaza, Employee Relations Supervisor Barbara Hulsizer (Aider and Abettor), John Doe |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>618 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES ■ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>■ YES ☐ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>■ Yes ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ Yes ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ☐ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ Yes ☐ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *LaTonya N. Bland-Tull*



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)**

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
280   ZELNORM
285   STRYKER TRIDENT HIP IMPLANTS
288   PRUDENTIAL TORT LITIGATION
289   REGLAN

290   POMPTON LAKES ENVIRONMENTAL LITIGATION
291   PELVIC MESH/GYNECARE
292   PELVIC MESH/BARD
293   DEPUY ASR HIP IMPLANT LITIGATION

**Mass Tort (Track IV)**
248   CIBA GEIGY
266   HORMONE REPLACEMENT THERAPY (HRT)
271   ACCUTANE/ISOTRETINOIN
274   RISPERDAL/SEROQUEL/ZYPREXA
278   ZOMETA/AREDIA
279   GADOLINIUM

281   BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282   FOSAMAX
284   NUVARING
286   LEVAQUIN
287   YAZ/YASMIN/OCELLA
601   ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ Putative Class Action   ☐ Title 59

SERVE

SERVED _VonNie Clark_

ON _____

_A. Thopson_
SHERIFF'S OFFICER

I hereby deputize and appoint

to serve within writ

witness my hand and seal

This _2/2_         20 _12_

_Frank Balles_
Sheriff

RECEIVED
ATLANTIC COUNTY
JAN 3 0 2012
SHERIFF'S OFFICE